IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL INSURANCE COMPANY, | No. C-12-5084 MMC |
| Plaintiff, | **ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE; DENYING AS MOOT PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** |
| v. | |
| TOM NEWBY, | |
| Defendant. | |

Before the Court is plaintiff Federal Insurance Company's ("Federal") "Motion for Summary Judgment," filed November 28, 2012. Plaintiff Tom Newby ("Newby") has filed opposition, in which he argues Federal's complaint is subject to dismissal. Federal has filed a reply. Having read and considered the parties' respective written submissions, the Court rules as follows.[1]

**BACKGROUND**

The following facts are undisputed.

Federal issued an insurance policy to Newby, insuring his residence in Atherton, California, effective March 1, 2009 to March 1, 2010. (See Tsai Decl. ¶ 2.) On June 15, 2010, Newby reported to Federal that his residence had sustained water damage on or about February 15, 2010. (See id. ¶ 3.) On September 9, 2010, Newby, through his

---

[1] By order filed February 12, 2013, the Court took the matters under submission.

1 "representative" Bob Mooring, described the claim to Federal as follows "The water
2 damage was first noticed when the Newbys discovered water coming through the ceiling of
3 the play room under the master bedroom bath.  Subsequent investigation revealed water
4 around the tub, inside the Jacuzzi motor area and in the walls."  (See id.; Pl.'s Compendium
5 of Exhibits, Ex. 2.)

6 Before Federal adjusted the claim, Newby had the master bathroom repaired and
7 remodeled.  (See Tsai Decl. ¶¶ 4-7; Kelly Decl. ¶¶ 4-5.)  Total construction costs were
8 $501,727.03, of which Newby's contractor estimated $221,702.02 was "the cost to repair
9 the water damage" and the balance of $280,025.01 was "work solely related to upgrades."
10 (See Kelly Decl. ¶ 8.)

11 Federal's claims adjuster determined Newby was entitled to $123,156.94, which
12 amount the adjuster "believe[d] was owed for the water damage," and Federal paid Newby
13 that amount.  (See Tsai Decl. ¶ 8.)  In response, Newby, through counsel, requested an
14 "appraisal pursuant to the terms of Federal's policy."  (See id. ¶ 9; Pl.'s Compendium of
15 Exhibits, Ex. 5.)[2]  Federal and Newby subsequently selected appraisers and exchanged
16 their respective proposed award forms.  (See Weisberg Decl. ¶¶ 7, 8-10; Pl.'s Compendium
17 of Exhibits, Ex. 19.)

18 On October 1, 2012, Federal filed the instant complaint for declaratory relief, in
19 which it alleges the parties to the appraisal could not reach an "agreement" as to the "scope
20 of loss to submit to the panel and as to an award form."  (See Compl. ¶ 11.)  As a
21 consequence of said lack of agreement, Federal alleges, "a present and actionable

---

[2] Neither party has offered a copy of the policy.  In his answer, Newby quotes the subject policy provision as follows: "If you or we fail to agree on the amount of loss, you or we may demand an appraisal of the loss.  Each party will select an appraiser within 20 days after receiving written request from the other.  The two appraisers will select a third appraiser.  If they cannot agree on a third appraiser within 15 days, you or we may request that the selection be made by a judge of a court having jurisdiction.  Written agreement signed by any two of the three appraisers shall set the amount of the loss.  However, the maximum amount we will pay for a loss is the applicable amount of coverage even if the amount of the loss is determined to be greater by appraisal.  Each appraiser will be paid by the party selecting the appraiser.  Other expenses of the appraisal and the compensation of the third appraiser shall be shared equally by you and us.  We do not waive our rights under the policy by agreeing to an appraisal."  (See Def.'s Answer ¶ 6.)

2

controversy exists as between Federal and Newby." (See Compl. ¶ 13.)

Thereafter, on October 28, 2012, William C. Thomas ("Thomas"), the appraisal panel "Umpire," notified Federal and Newby that the appraisal had been scheduled for December 10 and 11, 2012, and advised the parties they would "present evidence and testimony of witnesses to the panel on the issue of value and loss only." (See Larson Decl. ¶ 3, Ex. 2.)

On November 27, 2012, Thomas, after being notified of Federal's complaint and its plans to file a motion for summary judgment, cancelled the appraisal hearing. (See id. ¶ 4.)

## DISCUSSION

By the instant motion, Federal seeks the following declaratory judgment:

> In the appraisal hearing between [the parties] involving water damage occurring on February 15, 2010, at [the Atherton residence], the scope of what is to be appraised shall be clearly defined and itemized and the award form on which the appraisers award the valuation that they appraise must be sufficiently detailed to include the identity of each item, the dimensions and quantities. In order to accomplish this, the appraisers shall use, as the form of their award, the award form that Federal Insurance submitted as Exhibit 19 to its Motion for Summary Judgment and shall value all line items set forth on that award form.

(See Pl.'s Proposed Order, filed December 31, 2012, 1:26 - 2:7.) In his opposition, Newby argues, inter alia, that the Court lacks subject matter jurisdiction over Federal's complaint or, in the alternative, that the Court should decline to exercise any such jurisdiction.

Under the Declaratory Judgment Act, a court "may declare the rights and other legal relations of any interested party seeking such declaration." See 28 U.S.C. § 2201(a). A district court is "without power to grant declaratory relief" unless "there is an actual controversy within the meaning of the Declaratory Judgment Act." See Maryland Casualty Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 272 (1941) (internal quotation and citation omitted). For purposes of the Declaratory Judgment Act, an actual controversy exists where "there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." See id. at 273.

Here, in its complaint, as well as its motion for summary judgment, Federal asserts that Newby and Federal dispute how the appraisal panel should resolve the parties' disagreement as to the amount of the loss. Newby has taken the position that the appraisal panel should determine the amount by starting with what he paid to remodel the damaged portions of his residence and then subtracting therefrom the value of the work unrelated to repairing the water damage; his proposed award form reflects said theory by identifying various items, such as "drywall" and "wood flooring," setting forth his actual cost to repair or replace those items, and then setting forth the amount of such cost he asserts is attributable to the water damage. (See Larson Decl. Ex. 1.) Federal has taken the position that the appraisal panel should determine what it would cost to repair various items Federal has identified;[3] its proposed award lists items such as "electric outlet[s]" and the labor required to paint a "door slab" with two coats of paint, and includes blank spaces for the appraisal panel to fill in with the amount awarded for each such item. (See Pl.'s Compendium of Exhibits, Ex. 19.)

Although the parties have expressed differing views as to how the amount of the loss should be calculated, those differences amount to what is essentially an evidentiary matter. Federal has failed to show, and, indeed, does not even allege, that the appraisal panel has taken any action that suggests the appraisal panel does not understand its duties under the parties' agreement, or that the appraisal panel, in the absence of declaratory relief, is likely to act in a way that would violate any law or the terms of the appraisal clause in the policy.[4] In short, Federal's request for declaratory relief directing the appraisal panel to conduct the appraisal hearing in a certain manner is, at best, premature. See Wickland Oil Terminals v. Asarco, Inc., 792 F.2d 887, 893 (9th Cir. 1986)

---

[3] Although Federal's motion does not expressly state how it determined what items were damaged, it appears from the record that an "estimate" was provided to Federal by "the ITS Group" in February 2012. (See Pl.'s Compendium of Exhibits, Ex. 9.)

[4] At the time Federal filed its complaint, the appraisal panel had made no procedural or substantive findings, and thereafter has taken no action other than setting a hearing, which it later vacated, and advising the parties the panel would consider at the hearing "the issue of value and loss only." (See Larson Decl. Ex. 2.)

("A case is ripe where the essential facts establishing the right to declaratory relief have already occurred.").

Accordingly, the Court finds Federal has failed to show the existence of a case or controversy sufficient to warrant issuance of the type of declaratory relief it seeks.

Alternatively, even assuming the requisite case or controversy exists, the Court, for the reasons stated below, declines to exercise its discretion to hear Federal's complaint.

Where an actual controversy exists, a district court is "under no compulsion to exercise [its] jurisdiction" over the controversy. See Brillhart v. Excess Ins. Co., 316 U.S. 491, 494 (1942). In that regard, the "primary factors for consideration" are "avoid[ing] needless determination of state law issues," "discourag[ing] litigants from filing declaratory actions as a means of forum shopping," and "avoid[ing] duplicative litigation." See Huth v. Hartford Ins. Co., 298 F.3d 800, 803 (9th Cir. 2002).

Here, the first factor identified above weighs against the Court's exercising jurisdiction, as the sole issues presented by Federal are procedural issues arising in the context of a pending appraisal proceeding governed by state law. Nothing in the record suggests the appraisal panel would be unable or unwilling to resolve the issues presented by the instant complaint, if Federal were to present them to the panel. See Smith v Lenches, 263 F.3d 972, 977-78 (9th Cir. 2001) (holding where state law issues presented in federal declaratory relief action will be presented in pending state case, "first factor weighs decidedly against [party seeking declaratory relief]").

The second factor likewise weighs against the Court's exercising jurisdiction. As Newby correctly points out, under California law, an "agreement to conduct an appraisal contained in a policy of insurance . . . is considered to be an arbitration agreement subject to [California's] statutory contractual arbitration law." See Louise Gardens of Encino Homeowners Ass'n v. Truck Ins. Exchange, Inc., 82 Cal. App. 4th 648, 658 (2000). Under California's statutory contractual arbitration law, an appraisal award is reviewable by a petition to "confirm, correct or vacate the award," see Cal. Civ. Proc. Code § 1285, and judicial review thereunder is "circumscribed," in that an award may be vacated only if the

petitioner demonstrates one or more specified statutory grounds, see <u>Kacha v. Allstate Ins. Co.</u>, 140 Cal. App. 4th 1023, 1031 (2006); Cal. Civ. Proc. Code § 1286.2 (identifying grounds for vacatur of award).  Here, rather than present its issues to the appraisal panel in the first instance and later seeking review by a petition to vacate any adverse award the panel may issue, Federal seeks to have a federal district court make, in advance of the appraisal hearing, what is in essence an advisory ruling as to how the panel should conduct certain aspects of the proceeding and how it should set forth its findings in writing.

Lastly, the third factor weighs against the Court's exercising jurisdiction, as resolution in this forum of the issues presented in Federal's complaint would not resolve the parties' dispute as to the amount of loss, and, consequently, would not avoid the need for further litigation before the appraisal panel and, if thereafter desired by either party, before a state court pursuant to § 1285.  Cf. <u>Huth</u>, 298 F.3d at 803-04 (holding where controversy could be "disposed of entirely either in state or federal court" third factor was "a wash" and "favored neither party").

Accordingly, Newby's request for dismissal of Federal's complaint will be granted.

## CONCLUSION

For the reasons stated above:

1. The complaint is hereby DISMISSED without prejudice to Federal's presenting the issues raised therein to the appraisal panel and/or a state court.

2. In light of the dismissal of the complaint, Federal's motion for summary judgment is hereby DENIED as moot.

**IT IS SO ORDERED.**

Dated:  March 12, 2013

MAXINE M. CHESNEY
United States District Judge